UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY BARLOW,

    Petitioner,

v.

    Case No. 05-73023

    Honorable Patrick J. Duggan

SHERRY L. BURT,

    Respondent.
_____/

# OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 22, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Troy Barlow ("Petitioner"), a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 4, 2005, alleging he is being held in violation of his constitutional rights. Petitioner was convicted of fourth degree criminal sexual conduct following a jury trial in Calhoun County Circuit Court. In his petition he asserts that there was insufficient evidence to support his conviction. On February 6, 2006, the government filed a response to the habeas petition. On May 9, 2006, this Court referred the matter to Magistrate Judge Donald A. Scheer for a report and recommendation.

On July 18, 2008, Magistrate Judge Scheer issued his Report and Recommendation

("R&R") recommending that this Court deny Petitioner's request for habeas relief. Petitioner filed an objection to the R&R on August 1, 2008, citing the reasons stated in his original petition and specifically objecting to one particular sentence in the R&R. Petitioner argues that one sentence in the R&R inaccurately summarizes the evidence presented at trial.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). For the reasons set forth below, the Court denies Petitioner's application for the writ of habeas corpus.

In the context of a 28 U.S.C. § 2254 challenge to a state court conviction based on insufficiency of the evidence, "the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979). Accordingly, this Court reviews the evidence in the light most favorable to the prosecution in considering Petitioner's claims. *See id.* at 324, 99 S. Ct. at 2792. In reviewing the evidence for sufficiency, however, this Court gives deference to the state court's interpretation of "the substantive elements of the criminal offense as defined by state law." *See id.* at 324 n.16, 99 S. Ct. at 2792 n.16; *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Petitioner's conviction for fourth degree criminal sexual conduct requires proof that

he engaged in sexual contact with another person using force or coercion. MICH. COMP. LAWS § 750.520e(1)(b). Force or coercion includes instances "when the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute that threat." MICH. COMP. LAWS § 750.520e(1)(b)(ii). But Michigan courts have consistently held that "'force or coercion' is not limited to the examples listed in the statute and that each case must be examined on its own facts." *People v. Crippen*, 242 Mich. App. 278, 283 n.2, 617 N.W.2d 760, 763 n.2 (2000) (listing cases). This element does not require evidence of actual physical force used to overcome the complainant but "[i]t must be force to allow the accomplishment of sexual penetration when absent that force the [contact] would not have occurred." *People v. Carlson*, 466 Mich. 130, 140; 644 N.W.2d 704, 709. Ultimately, "the prohibited 'force' encompasses the use of force against a victim in a manner to facilitate the accomplishment of sexual [contact] without regard to the victim's wishes." *Id.* at 140, 644 N.W.2d at 709. Meanwhile, "[c]oercion 'may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse.'" *People v. Premo*, 213 Mich. App. 406, 410-11, 540 N.W.2d 715, 717 (1995) (quoting BLACK'S LAW DICTIONARY (5th ed.), 234).

Petitioner challenged the sufficiency of the evidence during his appeals in the Michigan state courts. In concluding that the requisite "force or coercion" element was met, the Michigan Court of Appeals relied in part on *People v. McGill*, 131 Mich. App. 465, 474, 346 N.W.2d 572, 576-77 (1984), in which the court ruled that the defendant's

"luring a thirteen year-old girl into his car and then driving her to an isolated area where he fondled her" was sufficient "to create 'a reasonable fear of dangerous consequences' in the mind of the victim and thus amounted to coercion." *People v. Barlow*, No. 239038, slip op. at 2-3 (Mich. Ct. App. Sept. 11, 2003). This Michigan Court of Appeals interpretation of "force and coercion" under Michigan law is entitled to deference. *Jackson*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16.

In his R&R, Magistrate Judge Scheer summarized the evidence presented in the case against Petitioner and concluded that a reasonable fact finder could conclude that Petitioner coerced the victim by exploiting her fear and vulnerability after being left in an apartment with several unknown adult men and without a safe means of exit. After a careful review of the trial evidence, this Court finds no error in Magistrate Judge Scheer's conclusion.

Nonetheless, Petitioner objects to a sentence in the R&R that states, "The victim testified that she took a step back when Petitioner initially attempted to grope her breast in the bathroom, but that she could not leave because another man, watching the incident, blocked the exit." (R&R at 5). Petitioner correctly notes that the individual blocking the victim's exit was her female friend rather than another male onlooker. (11/14/01 Trial Transcript at 52). Even so, this correction is immaterial to the conclusion that a reasonable juror could conclude Petitioner committed fourth degree criminal sexual conduct as defined by Michigan law. Two possible theories support Petitioner's conviction.

First, a reasonable juror could conclude that Petitioner used force to engage in

4

sexual contact when he touched the victim's breast in the bathroom after she stepped back.  Petitioner had to exert extra force to overcome the additional distance created by the victim's step back and he did so against the victim's wishes in order to engage in sexual contact.

Second, a reasonable juror could conclude that Petitioner impliedly coerced the victim by exploiting the victim's fear and vulnerability in order to engage in sexual contact.  After the bathroom incident and after the victim's friend had left her alone with the Petitioner in his apartment, Petitioner, older and physically larger than the victim, told her to remove her clothing and proceed to the kitchen area of his apartment where he and two other adult males were congregating.  The victim testified that she submitted to Petitioner's demands because of her fear of Petitioner and that he might harm her if she refused to comply.  Upon her arrival in the kitchen, Petitioner told the victim to bend over a chair and, while she sobbed, he proceeded to touch her genital area.  The Court believes that this was sufficient evidence to support Petitioner's conviction for fourth degree criminal sexual conduct on the basis of coercion.  (11/14/01 Trial Transcript at 46, 55-60, 69).

In sum, this Court does not find that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Therefore,

**IT IS ORDERED** that Petitioner's petition for a Writ of Habeas Corpus is

**DENIED**.

                                                          s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT JUDGE

Copies to:

Douglas W. Baker, Esq.
Laura A. Cook, A.A.G.